Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL MEYER, an individual, on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>　　Defendants.<br>_____<br>ZACHARY TORRES and ALEX CARDENAS, individually and on behalf of others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>LOWE'S HIW, INC. and DOES 1-10, inclusive,<br><br>　　Defendants. | CASE NO.:  CV-09-06962-DDP (RZx)<br>CASE NO.:  CV-09-08354-DDP (RZx) *<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>(LINK TO DOCKET # 62 & 63) |

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF　　　　　　Case No. CV-09-06962-DDP (RZx)
CLASS ACTION SETTLEMENT　　　　　　　　　　　　　　　　　　Case No. CV-09-08354-DDP (RZx)

The parties have submitted their Settlement Agreement and Joint Stipulation evidencing their proposed settlement (the "Settlement"), which this Court preliminarily approved in its March 28, 2011 order. In accordance with the preliminary approval order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1715, the United States Attorney General, the California Attorney General and the Attorney Generals of all other states where class members resided at the time notice was issued have been given notice of the Settlement.

Having received and considered the Settlement, the supporting papers filed by the parties, the application for final approval of the settlement of this class action and an award of Plaintiffs' attorneys' fees and reimbursement of expenses, and the evidence and argument received by the Court at the final approval hearing on March 28, 2011, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Class covered by this Order is defined as:

All persons who were employed by Defendant as a Loss Prevention Manager in the State of California at any time from July 8, 2005 through January 31, 2011. Any person who previously settled or released all of the claims covered by this settlement, or any person who previously was paid or received awards through civil or administrative actions for all of the claims covered by this settlement, shall not be a member of the Class.

2. Pursuant to this Court's order of March 28, 2011, a Notice of Class Action Settlement, Claim Form, and Exclusion Form were sent to each Class Member by first-class mail. These papers informed Class Members of the terms of the

1. Settlement, their right to object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No Class Members filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

3. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

4. For the reasons stated in the Court's March 28, 2011 preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined in the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

5. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member and that the Class Members who have not opted out shall be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

6. The Court finds that Defendant has fully complied with CAFA's notice requirements.

7. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF   Case No. CV-09-06962-DDP (RZx)
CLASS ACTION SETTLEMENT                       Case No. CV-09-08354-DDP (RZx)

1  made to the Settlement Class Members out of the Two Million Nine Hundred and
2  Fifty Thousand Dollar ($2,950,000) Maximum Settlement Amount in accordance with
3  the terms of the Settlement.

4      8.    The Court hereby grants and approves the application presented by Class
5  Counsel for an award of attorneys' fees in the amount of $885,000, as per paragraph
6  6(b) of the Settlement.

7      9.    The Court hereby grants and approves the application presented by Class
8  Counsel for an award of costs and expenses in the amount of $24,416.02, as per
9  paragraph 6(b) of the Settlement.

10     10.    The Court hereby grants and approves the application presented by the
11 Class Representatives for an incentive award in the amount of $5,000.00 to each of the
12 Class Representatives, as per paragraph 6(c) of the Settlement (such incentive awards
13 are separate and apart from the $5,000.00 that each Class Representative is receiving
14 as consideration for their execution of separate individual settlement agreements with
15 Defendant and their general release of claims against Defendant).

16     11.    The Court hereby grants and approves the application for payment of
17 costs of administration of the settlement including, without limitation, the fees and
18 expenses of CPT Group, Inc., the settlement and claims administrator approved by the
19 Court in the Court's March 28, 2011 preliminary approval order (the "Claims
20 Administrator").

21     12.    Upon completion of administration of the Settlement, the Claims
22 Administrator will provide written certification of such completion to the Court and
23 counsel for the parties.

24     13.    Pursuant to the Settlement, all Class Members (except for those who filed
25 Exclusion Forms) are permanently barred from prosecuting against Defendant and
26 each of its respective past, present and future owners, stockholders, parent
27 corporations, related or affiliated companies, subsidiaries, officers, directors,
28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant, any individual or class claims that were released as set forth in the Settlement by those Class Members who did not submit claim forms pursuant to the Settlement.

14. Pursuant to the Settlement, the Class Representatives are conclusively deemed to have released all "Released Claims" against the "Released Parties" as described below and in paragraph 18 of the Settlement. Upon the Effective Date of the Settlement (as defined in paragraph 16 of the Settlement), the members of the Class, including the Class Representatives, shall release Defendant and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Parties") from the "Released Claims," as defined below and in paragraph 18 of the Settlement.

    (a) Released Claims

For purposes of the Agreement, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description

5

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF    Case No. CV-09-06962-DDP (RZx)
CLASS ACTION SETTLEMENT    Case No. CV-09-08354-DDP (RZx)

whatsoever, whether known or unknown, that were asserted in the Lawsuit, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, for state wage and hour laws (including California Labor Code sections 201-203, 204, 226, 510, 515, 1174, 1174.5, 1194 and 2698 *et seq.* (PAGA) and all applicable Industrial Wage Commission Wage Orders), and the FLSA, 29 U.S.C. § 201, *et seq.*, to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in the Lawsuit, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest, or attorneys' fees arising out of the claims at issue, including:  the causes of action asserted in the Torres Lawsuit and the Meyer Lawsuit relating to the alleged misclassification of Loss Prevention Managers (LPMs), such as the alleged failure to pay overtime compensation, failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, and waiting time penalties, which causes of action include, but are not limited to, allegations that members of the Class were not paid all earned wages, including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period; and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code section 17200, *et seq.*, and causes of action under PAGA.

          (b) California Civil Code Section 1542 Waiver

With respect to the Released Claims only (as defined above and in paragraph 18 of the Settlement), the members of the Class shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

15. The parties are hereby ordered to comply with the terms of the Settlement.

16. This action and the claims alleged in the Complaint filed in the action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

17. Without affecting the finality of this Final Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Dated: _August 30, 2011

_____
Dean D. Pregerson
United States District Judge

7

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF      Case No. CV-09-06962-DDP (RZx)
CLASS ACTION SETTLEMENT                          Case No. CV-09-08354-DDP (RZx)