# JS-6

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL MEYER, an individual, on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 50 inclusive,<br><br>    Defendants. | CASE NO.: CV-09-06962-DDP (RZx)<br>CASE NO.: CV-09-08354-DDP (RZx) *<br><br>**<u>CLASS ACTION</u>**<br><br>**JUDGMENT** |
| ZACHARY TORRES and ALEX CARDENAS, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOWE'S HIW, INC. and DOES 1-10, inclusive,<br><br>    Defendants. | |

# JUDGMENT

WHEREAS, on March 28, 2011, this Court granted preliminary approval to a settlement of this action;

WHEREAS, the Court granted final approval to the settlement on **August 29**, 2011, finding that the settlement is fair, reasonable and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and applicable law; and

WHEREAS, the Court has found that the notice sent to the Class Members fairly and adequately informed the Class of the terms of the settlement, was consistent with Rule 23 of the Federal Rules of Civil Procedure and due process, and was given in the manner prescribed by the Settlement Agreement and the Court's order preliminarily approving the settlement:

Pursuant to the Settlement Agreement, all Class Members, except those who have requested exclusion from the settlement, and their successors are conclusively deemed to have released any and all "Released Claims" against the "Released Parties" as described below and in paragraph 18 of the Settlement Agreement against Defendant and each of its respective past, present and future owners, stockholders, parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or

entity which could be jointly liable with Defendant (the "Released Parties") from the "Released Claims," as defined below and in paragraph 18 of the Settlement Agreement.

(a) Released Claims

For purposes of the Settlement Agreement and this Final Judgment, the "Released Claims" are defined as: All claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, that were asserted in the Lawsuit, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, for state wage and hour laws (including California Labor Code sections 201-203, 204, 226, 510, 515, 1174, 1174.5, 1194 and 2698 *et seq.* (PAGA) and all applicable Industrial Wage Commission Wage Orders), and the FLSA, 29 U.S.C. § 201, *et seq.*, to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in the Lawsuit, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest, or attorneys' fees arising out of the claims at issue, including: the causes of action asserted in the *Torres* Lawsuit and the *Meyer* Lawsuit relating to the alleged misclassification of Loss Prevention Managers (LPMs), such as the alleged failure to pay overtime compensation, failure to keep accurate records, failure to provide accurate wage statements, late payment of wages during or upon termination of employment, and waiting time penalties, which causes of action include, but are not limited to, allegations that members of the Plaintiff Class were not paid all earned wages, including "straight time" wages, overtime compensation, meal and rest period premiums, and were not timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period; and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code section 17200, *et seq.*, and causes of action under PAGA.

(b) California Civil Code Section 1542 Waiver

With respect to the Released Claims only (as defined above and in paragraph 18 of the Settlement Agreement), the members of the Plaintiff Class shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law that purports to limit the scope of a general release.

This Court hereby enters judgment in this case, and dismisses it with prejudice, in accordance with the terms of the Settlement Agreement and Joint Stipulation ("Settlement"), the Order Granting Preliminary Approval, and the Order Granting Final Approval of Class Action Settlement ("Final Approval Order"). The Court hereby permanently enjoins and restrains all individuals from asserting any and all claims that were released pursuant to the Settlement and the Final Approval Order.

Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiffs, the Class, and the Defendant for the purposes of supervising the implementation, enforcement, construction and interpretation of the Settlement, and all orders and judgments entered in connection therewith.

IT IS SO ORDERED.

Dated: _August 30, 2011

_____
Dean D. Pregerson
United States District Judge